The opinion of the court was delivered by
Randolph, J.
There are two counts in the indictment under consideration. The first charges the offence to have been committed “ with intention to defraud the good people of the state of New Jersey.” This general charge is clearly bad for uncertainty. Arch. Crim. Pl. 50. For although the section reads “ with intention to defraud any person,” &c., yet the indictment, must set forth some person, and it will not be correct to allege the intent to ’be, to defraud the whole people in general, and no one in particular; the indictment might as well use the words of the statute and say, with intent to defraud any person.
The second count charges the defendant with having in his possession a certain forged or counterfeit promissory note with intent to utter or pass the same, “ with intention to defraud, the Commercial Bank of Baltimore.” The objection to this count is, *523 that the Commercial Bank of Baltimore is not set forth or averred to be an incorporated bank — not that it is not an incorporated bank, or that it is not correctly described according to its name; the phrase “with intention to defraud any person, body politic or corporate whatsoever,” occurs in the same sense in several sections of the criminal law; thus in the 42d, for forging or counterfeiting ; in the 70th, for selling or exchanging, or offering for salé or exchange, any forged or counterfeit promissory note; and in the 71st sec., for making and engraving any plate for forging, &e.; and so in the 73d and 74th secs., for having in possession any unfinished counterfeit note or plate for forging; and perhaps in some other parts of the statute; and the effect of the present objection is, that in all these cases the offence must be alleged, and of course proved according to the allegation, to have been committed with intention to defraud, not merely the bank or company by name, but that such bank or company is an incorporated institution; otherwise the court will not presume, or sufi'er the jury to presume, that the same is a “body politic or corporate,” within the meaning of this act. The inconveniences which would arise from such a construction, are sufficient to cause its rejection at once, unless the language and spirit of the statute imperiously call for it; and after a careful consideration, I feel satisfied that such a construction is not demanded. The gist of the offence, under this section, is the having in possession counterfeit notes, with intention to pass the same, or to put them in circulation, and to defraud the supposed maker of the note, or some other person or company; and in that part of the indictment, which sets forth the offence, it is not necessary either to aver or prove that the supposed drawer of the note is an incorporated bank; for it will be sufficient to describe the note according to its terms and effect, and to prove it according to the description. The State v. Gustin, 2 South. 749. The State v. Van Hart, 2 Harr. 330. The last case was under the 42d see. for uttering and publishing as true a counterfeit note, purporting to be issued by the Bank of Westerly, in the state of Rhode Island ; and one of the objections taken was, that it was not shown by the indictment, that the Bank of Westerly was an incorpoated bank; yet this objection was overruled, and the Chief Jus *524 tice, in delivering the opinion of the court, says, “so far as my observation and researches have extended, it has never been averred in any indictment, that the note, set out as a forgery, was in imitation of a note issued by an incorporated bank.” If then, in setting forth the offence, the law does not require the note to be described as made by an incorporated bank, it would be strange if it required, in stating the intention with which the act was done, that it must be alleged that the bank was incorporated —that would be to require, that the mere incident of the crime should be set forth with more particularity than the crime itself. It is true that, in specifying the crime, the act does not say, as it does in describing the intent to defraud, “ any person or persons, body politic or corporate; ” yet who else can make a note that can be counterfeited? Or who was the Bank of Westerly, but some persons or body corporate? If the former, they should have been named; if the latter, then why not require an averment that it was a corporation, according to the objection in this ease ? In setting out the offence in the statute, it was not necessary to say by whom the note should purport to be made; the law had already designated who might make notes, and it was therefore sufficient to say “ any note; ” but in stating the quo animo, as no general law designated it, or indeed could do so, it was necessary to do it to each offence; but the one nó more exists in law than the other, and the act might be taken to read thus, “ if any person or persons, body politic or corporate, shall utter or pass as true any bank bill or note, with intent to defraud any person or persons, body politic or corporate,” &c.— And yet according to the objection, in describing the offence itself, it is not necessary to state the bank to be incorporated ; but in setting out the intent, it is, Thus in this case, in describing the offence as having in possession, with intent to pass the same, the note of the Commercial Bank of Baltimore, with intention to defraud the Commercial Bank of Baltimore, the first description would be good under the decision in The State v. Van Hart; but the last description in the same words would be bad, according to the objection. I think the description sufficient as it is; and under it the court will presume, that the bank is a body corporate, as under the name of a person they would presume that *525 it was the name of an individual, who could be defrauded under this section ; in either case, if it was alleged to the contrary, this would be matter of defence. I am the more inclined to this opinion, as the form used in this count, appears to have been for a long time in general use ; and to have been settled and adopted by some of our best criminal lawyers, and sanctioned by the various courts in this state. In the State v. Sicklye, the very objection now urged was presented, and argued, and overruled by the Supreme Court; and that decision was affirmed by the court of errors; and I see no good reason for changing the rule now, but many why it should remain as then settled. In the state of New York, the same rule appears to have been adopted in the People v. Stearns, 21 Wend. 423. I am aware that in the State v. Stone, this court decided a term or two since, that the count must set forth that the bank was an incorporated bank ; but that was an indictment on the 73d see. of the act, which materially differs from the 72d, and, as far as my observation has extended, from every other section relating to these kind of offences. The charge against Stone was under the 73d section, for having in his possession an unfinished note, made in the form of a promissory note, made to be issued by any incorporated bank of this state, or any of the United States, with intent, &c. Here, in constituting the offence, the legislature have thought proper to restrict it to such unfinished promissory notes, as purported to be made for the purpose of being issued by an incorporated bank of some one of the United States. The fact of the,, bank being incorporated is made a part, and enters into the description of the offence, and of course must be so set forth in the indictment; but in the present case, the objection is not to the description of the offence properly, but to the intent with which it was done under the phrase “ any person or body politic,” which is the same in both sections ; but the offence in one case is for having in possession any promissory note for. the payment of money with intent, &c.; and in the other, for having in possession any unfinished note, made in the form of a note for the payment of money, made by an incorporated bank, with intent, &c.
Another point urged in arrest of judgment, is that as the same note is described in both counts, there being in fact but one bill, *526 if either count is bad the judgment must be set aside for uncertainty. There is no force in this objection ; one good count is sufficient to sustain a general verdict; and after conviction, the court will presume the jury applied the evidence to that count. Doug. 730. 1 John R. 320. Spencer R. 404. The motion in arrest of judgment should therefore be refused Hornblower C. J. dissented.